```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION

ANDRE NELSON,                    )
                                 )
        Petitioner,               )
                                 )
     v.                          )    Case No. 3:15-CV-280
                                 )
SUPERINTENDENT,                  )
                                 )
        Respondent.              )
```

**OPINION AND ORDER**

This matter is before the Court on a Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person in State Custody Seeking Review of a Prison Disciplinary Sanction, filed by Andre Nelson, a *pro se* prisoner, on July 6, 2015. Here, Nelson challenges a disciplinary determination made by a hearing officer at the Pendleton Correction Facility ("Pendleton") under case number ISR 15-02-0007. For the reasons set forth below, the court **DENIES** the petition (DE 1). The clerk is **DIRECTED** to close this case.

BACKGROUND

On January 30, 2015, Internal Affairs Investigator W.C. Peterson prepared a conduct report charging Nelson with trafficking. (DE 4-1.) The conduct report stated, in relevant part, as follows:

-1-

> On January 30, 2015 at approximately 8:45 A.M. I – Mr. W. C. Peterson – (Internal Affairs [In]vestigator IV / Correctional Police Officer) reviewed a letter written by Offender Nelson, Andre 934979 which was mailed out of the Pendleton Correctional Facility via the United States Postal Service. [The] above mentioned letter was not able to be delivered and was returned to the sender who was Offender Nelson 934979. In the letter Offender Nelson writes the following statements. "Fam-O I know it's been six (6) months since I put money on that Rush Card we have yet to receive the money…. I have some info for you to get direct access to a representative with Green Dot…. You must let them know, according to their policy, you feel it should not taken [sic] that long for you to have your money five hundred dollars ($500.00) refunded. Why? Because of this policy of recording all calls they can see from their (policy) you put five hundred dollars ($500.00) on an old card which allowed you to load it and clarified the money was loaded by pressing 1 (one) and the last four (4) digits of your old card clarified it was loaded to that card…. Fam-O, it's to [sic] late in the game to allow Green Dot to get away with not refunding my money…. After you do this, you should be able to get someone from Green Dot to take a serious look at getting my money back. Please do all that I request in this letter when you don't have to work Fam-O. Trust me, this will work and when you talk to these people, be very assertive and act highly upset because you were unable to pay your bills on time and you have two (2) kids under the age of two years old you have to provide for. Please, be patient and stick to the script I gave you and we will have my money in a month. Just follow the blue print I just gave you. I provided all the info you need.

(*Id.*) Nelson's letter and envelope were entered as evidence. (DE 4-3.)

On February 6, 2015, Nelson was transferred to Westville Correctional Facility ("Westville"). On February 16, 2015, Nelson was notified of the charge of attempting to traffic and served with a copy of the conduct report and the screening report. (DE 4-4.) The screening report reflects that he pled not guilty, did not

request a lay advocate or to call any witnesses. He asked for a copy of the evidentiary record, but did not request to present any other physical evidence. (Id.)

On February 17, 2015, a hearing officer conducted a disciplinary hearing and found Nelson guilty of the charge of attempting to traffic. (DE 4-5.) At the hearing, Nelson's comment was, "I never received a confiscation slip for the letter. I never knew I was under investigation. The lady in the mail room Ms. Peterson, is not listed as a witness." (Id.) Relying on staff reports, Nelson's statement and the letter, the hearing officer imposed a penalty of 60 days lost earned time credits and demoted him from credit class 1 to credit class 2. (*Id.*) The hearing officer stated his reason for the decision, "Offender made numerous references to the money as his. Also last part of letter states, 'Please be patient and stick to the script I gave you and we'll have my money in a month.'" (Id.) Nelson appealed to the facility head and the final reviewing authority, but his appeals were denied. (DE 4-6; 4-7; 4-8.)

DISCUSSION

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial

decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Nelson raises three claims in his petition: (1) he was denied a staff witness; (2) there was insufficient evidence to support the conviction; and (3) he was denied an impartial hearing officer.[1]

First, Nelson argues that he was denied the opportunity to call a mail room staff member as a witness. A prisoner has a limited right to call witnesses and present documentary evidence consistent with correctional goals and safety, but she cannot wait until the hearing to request such evidence. *Sweeney v. Parke*, 113 F.3d 716, 719-20 (7th Cir. 1997) (where prisoner had opportunity to request witnesses when he was notified of the disciplinary hearing and chose not to, prisoner's limited right to call witnesses was

---

[1]The respondent argues that Nelson's claims are procedurally defaulted because they were not presented to the Final Reviewing Authority. *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Though the court agrees that some of Nelson's claims are procedurally defaulted, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available. . .." 28 U.S.C. § 2254(a)(2). Thus, the court will nevertheless address the merits of Nelson's claims.

fulfilled and his due process rights were not violated), *overruled on other grounds by White v. Ind. Parole Bd.*, 266 F.3d 759, 765-66 (7th Cir. 2001). Notably, Nelson had the opportunity to request evidence and witnesses before the hearing. However, the screening report reveals that Nelson did not request any mail room staff member to be a witness at the hearing. (DE 4-4). Instead, it appears Nelson waited for the hearing to convene to ask for a continuance and get a witness statement from the mail room staff. This was denied. However, the denial of Nelson's day-of-hearing request did not deny him the opportunity to present evidence or witnesses.[2] *Piggie v. McBride*, 277 F.3d 922, 924-25 (7th Cir. 2002); *Sweeney v. Parke*, 113 F.3d 716, 720 (7th Cir. 1997) (overruled on other grounds by *White v. Indiana Parol Bd.*, 266 F.3d 759 (7th Cir. 2001)).

Nevertheless, in his traverse, Nelson asserts that after he was notified of the charge, but before the hearing, he requested the mail room staff worker who confiscated his incoming mail as a witness. (DE 13 at 6.) The respondent disputes that Nelson ever made such a request. Even assuming Nelson did request the staff member provide a witness statement, this does not change the Court's conclusion. An inmate has a constitutional right to present relevant, exculpatory evidence during a prison disciplinary hearing

---

[2]This is especially true as the court has found that any witness statement from the mail room staff member would not have been exculpatory.

which extends the duration of his confinement. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996).

Nelson claims that the mail room staff member would have stated that "she was the one who read Nelson's out-going mail per policy and approved it to go out because it was not a violation of D.O.C. policy." (DE 13 at 7.) Notably, the mail room staff member could only testify regarding the receipt and contents of the returned letter. The hearing officer was already aware of this information based on the conduct report and the returned letter itself. Thus, there was not exculpatory value to the mail room staff member. *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (a prisoner is only entitled to habeas relief if the erroneous denial of evidence was harmful and caused actual prejudice). Consequently, Nelson is not entitled her to federal habeas relief on this ground. *Estelle*, 502 U.S. at 67-68.

Second, Nelson complains that he was denied an impartial hearing officer. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie*, 342

F.3d at 666. Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id*.

Here, Nelson believes that the hearing officer was generally biased, but there is no indication that he was involved in any way in the events underlying the charge. He appears to believe the hearing officer was impartial because the officer made adverse rulings against him. But adverse rulings alone do not establish impermissible bias. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). Nelson complains that the hearing officer found him guilty without sufficient evidence, did not allow him to call the mail room staff member as a witness and allowed a lay advocate be present in the hearing when Nelson did not request one. However, none of these things warrant habeas relief.

Third, Nelson claims there was insufficient evidence to find him guilty of attempting to traffic. In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v.*

*McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994). Additionally, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Nelson was found guilty of attempting to traffic in violation of disciplinary rules 111/113. Class A offense #111 is defined as "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." (DE 9-6, Ex. G3.) Class A offense #113, prohibits trafficking with anyone who is not an offender residing in the same facility. (*Id.* at G4.) In this case, it is clear that the record in this case contains at least "some evidence" to support the hearing officer's determination that Nelson was guilty of attempted trafficking. The conduct report and Nelson's letter are some evidence that Nelson attempted to traffic. *McPherson*, 188 F.3d at 786 (7th Cir. 1999) (conduct report alone provided some evidence to support disciplinary determination). The evidence showed that Nelson planned with his friend Fam-O to send

and receive money by using a Green Dot card. The letter demonstrated an attempt for Fam-O to get a refund of Nelson's money from Greed Dot and have it returned to Nelson. This is trafficking. Ind. Code § 35-44.1-3-5(b). Although Nelson denies that he attempted to traffic, it is not the province of this court to re-weigh evidence. Because there is some evidence to support the hearing officer's determination, there is no basis for granting habeas relief on this ground.

CONCLUSION

For the reasons set forth above, the court **DENIES** the petition (DE 1). The clerk is **DIRECTED** to close this case.

DATED: January 23, 2017          /s/RUDY LOZANO, Judge
                                 United States District Court